Dear Mr. Norris:
This office is in receipt of your opinion request containing the following questions:
 3) Do the provisions of Art. 892.1, subsection B., C., E., and H. of the Code of Criminal Procedure apply to a conviction or plea to Title 11:142 (reckless operation) of the Baton Rouge City Code, and to the situations where the original citation or affidavit cited for Title 11:140 (driving while intoxicated) and was subsequently amended to 11:142 for a plea?
 4) If the Opinion of the Attorney General is that the provisions of this Article apply, what is the responsibility of the Department of Public Safety in acknowledging and applying that Article, in particular subsection H. (2) to this violation pursuant to an Order, from a Judge in Baton Rouge City Court? If the Department does not apply that Order, what is the recourse of the Clerk of Court?
LSA-C.Cr.P. Art. 892.1 (B) reads as follows:
 B. Notwithstanding the provision of any other law to the contrary, upon conviction for the first time only of a misdemeanor offense under Title 32 of the Louisiana Revised Statutes of 1950 that regulates traffic or of any similar parish or municipal ordinance that regulates traffic, the court may suspend the sentence for such offense and order the defendant to attend, at his cost, a driver education, training, or improvement program as provided for in Paragraph A of this Article.
Since Title 11:142 of the Baton Rouge City Code is a municipal ordinance that regulates traffic, 892.1 should apply to it. Furthermore, Art. 15 of the Louisiana Code of Criminal Procedure states, in relevant part:
 Art. 15. Courts to which applicable; military not included
 A. The provisions of this Code, except as otherwise specially provided by other statutes, shall govern and regulate the procedure in criminal prosecutions and proceedings in district courts. They also shall govern criminal prosecutions in city, parish, juvenile, and family courts, except insofar as a particular provision is incompatible with the general nature and organization of, or special procedures, established, or authorized by law for, those courts.
Thus, the provisions of the code were intended to apply to city ordinances unless otherwise provided for in the law and it is the opinion of this office that the provisions of Art. 892.1 of the Code of Criminal Procedure apply to Title 11:142 of the Baton Rouge City Code.
Article 892.1 (H)(2) of the Louisiana Code of Criminal Procedure reads as follows:
(2) When a charge is dismissed under this Paragraph, the charge shall not be part of the person's driving record or used for any purpose; however,the court shall report that the person has successfully completed thedriving course and the date of completion to the Department of PublicSafety and Corrections for inclusion in his driving record. The report shall indicate that the course was taken under the provisions of this Article to determine eligibility to take a subsequent course under such provisions.
It is the opinion of this office that according to the above provision, the Department of Public Safety and Corrections has an obligation to acknowledge and apply Article 892.1 of the Code of Criminal Procedure pursuant to an Order from a Judge in Baton Rouge City Court.
If the Department does not apply that Order, the appropriate action for the Clerk of Court would be to file a petition seeking a writ of mandamus ordering the Department to acknowledge and apply Article 892.1 (see LSA-C.C.P. Arts. 3861—3863.)
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ JIMMY D. WHITE, JR. Assistant Attorney General
JDW, Jr./ks/jy
Date Released: August 6, 2002